IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NOS. HLC1400408 AND HLC1400399, <br><br> Plaintiff, <br><br> v. <br><br> PHILIP SANTOMASSI, PATRICIA SANTOMASSI, AND GREGORY P. ROMAN, <br><br> Defendants. | NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME Plaintiff, Certain Underwriters at Lloyd's London Subscribing to Certificate Nos. HLC1400408 AND HLC1400399 ("Underwriters") by and through their attorneys, and for its Complaint for Declaratory Judgment against the Defendants Philip Santomassi ("Mr. Santomassi"), Patricia Santomassi ("Mrs. Santomassi")(Mr. Santomassi and Mrs. Santomassi are collectively referred to as "Santomassi Defendants"), and Gregory P. Roman ("Roman"), states as follows:

## STATEMENT OF THE CASE

1.      This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Underwriters owe no insurance coverage obligations to Santomassi Defendants for claims against them in a lawsuit filed by Gregory P. Roman ("Roman") in the lawsuit styled as *Gregory P. Roman v. Philip Santomassi and Patricia Santomassi* currently pending in New Hanover Superior Court in North

Carolina and bearing that case number 21 CVS 001927 (the "*Roman* Lawsuit") under the commercial general liability coverage of certain policies issued to Mr. Bagel Meister, LLC and Better Bagel LLC d/b/a Mr Bagel Meister. The claims in the *Roman* Lawsuit do not fall within the insuring agreement of the Commercial General Liability coverage of the policies. Moreover, even if the claims in the *Roman* Lawsuit fell within the insuring agreement of the policies, several exclusions apply.

## PARTIES

2.      Underwriters are comprised of various syndicates that underwrite insurance for certain risks. The only Lloyd's of London Syndicate subscribing to the commercial general liability coverage in the subject two policies is Lloyd's Syndicate 2987.

3.      Syndicate 2987 has a single member, which is Brit UW Limited.

4.      Brit UW Limited is a United Kingdom corporation incorporated under the laws of England and Wales with its principal place of business in the United Kingdom.

5.      Defendant Mr. Santomassi is a citizen of North Carolina and resides in New Hanover County, North Carolina.

6.      Defendant Mrs. Santomassi is a citizen of North Carolina and resides in New Hanover County, North Carolina.

7.      Defendant Roman is a citizen of North Carolina and resides in New Hanover County, North Carolina. Defendant Roman is joined solely as an interested party to be bound by the judgment rendered by this Court.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case founded on diversity of citizenship including Defendants who reside within this District, the case concerns coverage under an insurance policies issued to cover risks in this District for a suit pending within the geographical boundaries of this District.

## FACTS

10.     On May 18, 2021, Roman filed his lawsuit against the Santomassi Defendants. A true copy of the complaint in the *Roman* Lawsuit is attached as Exhibit A.

11.     According to the *Roman* Lawsuit, to operate the Mr. Bagel Meister bagel restaurants, Roman and Mrs. Santomassi allegedly formed Betta Bagel, LLC each owning a 50% membership interest and Mr. Santomassi did not have an ownership in Betta Bagel, LLC. (See, Exhibit A, ¶33-36).

12.     The *Roman* Lawsuit further alleges Roman and Mr. Santomassi were to be "fifty-fifty partners" in the Mr. Bagel Meister LLC entity to franchise the Mr. Bagel Meister stores. ((See, Exhibit A, ¶61, 63-64).

13.     The *Roman* Lawsuit generally alleges that the Santomassi Defendants "converted and used" business funds, including money Roman invested in the Mr. Bagel Meister bagel restaurants, for their own personal use and without Roman's knowledge or consent. (See, Exhibit A, ¶25, 32, 49, 54-60, 62, 81, 92-93, 110).

14.     The *Roman* Lawsuit alleges "[Mr.] Santomassi continued to lie to [Roman] about the use of the funds in an attempt to hide the true destination of [Roman's] money." (See, Exhibit A, ¶92, 110).

15.     According to the *Roman* Lawsuit, Roman "repeatedly asked [the Santomassi] Defendants to provide an accounting of where the proceeds" of the investments were deposited and "proof of how the funds were used" and in a letter dated May 21, 2020, Roman demanded documents relating to Betta Bagel, LLC and Mr. Bagel Meister, LLC from the Santomassis as a member pursuant to North Carolina statute. (See, Exhibit A, ¶ 83, 86).

16.     Based on those allegations, the *Roman* Lawsuit alleges the following causes of action: (1) Fraud against Mr. Santomassi; (2) Breach of Fiduciary Duty and Constructive Fraud against Mr. Santomassi; (3) Breach of Contract against Mrs. Santomassi; (4) Conversion against the Santomassi Defendants; (5) Accounting against the Santomassi Defendants; and (6) Constructive Trust. (See, Exhibit A, ¶¶ 95-138).

17.     Roman seeks compensatory damages, punitive damages against Mr. Santomassi, punitive damages against Mrs. Santomassi, attorneys' fees, and injunctive and equitable relief. (See, Exhibit A, ¶¶ 95-138, Prayer for Relief).

18.     Underwriters subscribed to two policies with general liability coverage issued to Mr. Bagel Meister LLC and Better Bagel LLC d/b/a Mr Bagel Meister. First, Policy HLC1400408 was effective March 7, 2018 to August 22, 2018 ("the 2018 Policy"). Under the 2018 Policy, the Named Insured is "Mr. Bagel Meister LLC." Second, Policy HLC140039 was effective February 29, 2019 to June 1, 2019 ("the 2019 Policy"). The Named Insured under the 2019 Policy is "Better Bagel LLC d/b/a Mr Bagel Meister." A copy of the 2018 Policy is attached as Exhibit B. A copy

of the 2019 Policy is attached as Exhibit C. The 2018 Policy and 2019 Policy are collectively referred to as "Policies."

19.     The Policies provide, in part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result. But:

* * *

b.      This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if[1]:

(1)     The "bodily injury" or "property damage":

(a)     Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

(b)     Arises out of the project or operation shown in the Schedule;

(2)     The "bodily injury" or "property damage" occurs during the policy period; and

---

[1] Section b is quoted as amended by the Limitation of Coverage to Designated Premises, Project or Operation Endorsement, Form CG 21 44 04 17.

(3)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of any such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

**2.     Exclusions**

This insurance does not apply to:

* * *

**a.     Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.     Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability

assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    (b)    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1.**      **Insuring Agreement**

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

\* \* \*

    b.    This insurance applies to "personal and advertising injury" caused by an offense committed in the "coverage territory" only if[2]:

---

[2] Section b is quoted as amended by the Limitation of Coverage to Designated Premises, Project or Operation Endorsement, Form CG 21 44 04 17.

(1) The offense arises out of your business:

    (a) Performed on the premises shown in the Schedule; or

    (b) In connection with the project or operation shown in the Schedule; and

(2) The offense was committed during the policy period.

However, with respect to Paragraph 1.b.(1)(a) of this Insuring Agreement, if the "personal and advertising injury" is caused by:

(1) False arrest, detention or imprisonment; or

(2) The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

Then such offense must arise out of your business performed on the premises shown in the Schedule and the offense must have been committed on the premises shown in the Schedule or the grounds and structures appurtenant to those premises.

\* \* \*

## 2. Exclusions

This insurance does not apply to:

### a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

### b. Material Published With Knowledge Of Falsity

"Personal and advertising injury" arising out of oral or written publication, in any manner,

256363915v.1

of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.**     **Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

\* \* \*

**e.**     **Contractual Liability**

"Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f.**     **Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement'

\* \* \*

## SECTION II – WHO IS AN INSURED

1.     If you are designated in the Declarations as:

\* \* \*

    c.     A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers."

\* \* \*

2.     Each of the following is also an "insured"[3]:

---

[3] Quoted as amended by CGL Blanket Endorsement, Form BRIT CGL 1001 02-2012.

a.  Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" are insureds for:

(1)  "Bodily injury" or "personal and advertising injury":

(a)  To you, to your partners or members (if you are a partnership or joint venture) to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business;

(b)  To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of Paragraph (1)(a) above;

(c)  For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (1)(b) above; or

(d)  Arising out of his or her providing or failing to provide professional health care services.

(2)  "Property damage" to property:

(a)  Owned, occupied, or used by,

(b)  Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by

You, any of your "employees", any partner or member (if you are a partnership or joint

venture), or any member (if you are a limited liability company).

* * *

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

* * *

## SECTION V – DEFINITIONS

* * *

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

5.      "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

6.      "Executive officer" means a person holding any of the officer positions created by your charter, constitution, bylaws or any other similar governing document.

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a.      false arrest, detention, imprisonment;

   b.      malicious prosecution;

   c.      the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of the owner, landlord or lessor;

   d.      oral or written publication, in any manner, of material that slanders or libels a person or an organization or disparages a person's or organization's goods, products, or services;

e.　　oral or written publication, in any manner, of material that violates a person's right of privacy;

f.　　the use of another's advertising idea in your "advertisement"; and

g.　　infringing upon another's copyright, trade dress, or slogan in your "advertisement."

* * *

17.　　"Property damage" means:

a.　　Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.　　Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

The Policies are also subject to the UNDERWRITERS CGL 1003 (05/09) – FINES, PENALTIES, PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION ENDORSEMENT, which states the following:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The policy includes the following exclusion for Fines, Penalties, Punitive or Exemplary Damages:

**Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement**

The Following exclusion is added to the Policy:

This insurance does not apply to:

Fine, penalties and punitive or exemplary damages. If a claim or a "suit" is brought against an insured for a claim within the coverage provided under this policy, seeking fines, penalties, compensatory and punitive or exemplary damages, then we shall afford a defense for such action. We shall not, however, have any obligation to pay for any costs, interests, or damages attributable to fines, penalties and punitive or exemplary damages.

If State Law provides for statutory multiple damages awards, we will pay only the amount of the award before the multiplier is applied.

*\*\**

The Policies are also subject to the UNDERWRITERS CGL 1011 (06/10) – EXCLUSION OF ILLEGAL OR FRAUDULENT ACTS.

## EXCLUSION OF ILLEGAL OR FRAUDULENT ACTS

In consideration of the premium charge, it is hereby understood and agreed that the Insurer shall not be liable under any Coverages or Sections of this Policy to make any payment for any **Loss** as a result of a **Claim** arising out of, based upon, or attributable to the actual or alleged:

1. Illegal, fraudulent, dishonest, criminal or malicious acts of any officer, employee, agent, contractor or subcontractor or individual found to be under the control of the insured, including but not limited to the following;

   a. Physical, verbal, sexual or mental harassment of any person.

   b. The Tampering with or Alteration of any documentation or electronic equipment.

   c. Offering a False Instrument for Filing.

   d. Engaging in any act that is contrary to, violates or breaches any of the Terms or Conditions of any Contract or Agreement (written or implied) the Insured has entered into with any Financial Institution, or Contractor.

   e. Any Illegal Act(s) or Violation(s) of any local, state or federal law(s) or ordinance(s) during the course of the insured's business operation.

*\*\**

20. The Santomassi Defendants have demanded that Underwriters defend and indemnify them under the Policies with respect to the claims against them in the *Roman* Lawsuit.

21. Underwriters deny they owe the Santomassi Defendants any defense or indemnity obligation with respect to the claims against them in the *Roman* Lawsuit.

22. An actual and justiciable controversy exists between Underwriters and Defendants as to the availability of insurance coverage for Defendants with respect to claims against them in the *Roman* Lawsuit under the Policies and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## No "Bodily Injury"

23. Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Subject to all of their terms, the Policies provide coverage for "damages" because of "bodily injury" as those terms are defined and used in the Policies.

25. The *Roman* Lawsuit does not seek any "damages" because of any "bodily injury." The *Roman* Lawsuit does not seek any "damages" because of any "bodily injury, sickness or disease."

26. Accordingly, Underwriters do not owe any defense or indemnity obligation to the Santomassi Defendants under the "bodily injury" coverage of the Policies for the claims against them in the *Roman* Lawsuit.

## COUNT II
## No "Property Damage"

27. Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Subject to all of their terms, the Policies provide coverage for claims for "damages" because of "property damage" as those terms are defined and used in the Policies.

29.     The *Roman Lawsuit* does not seek "damages" because of "property damage." The *Roman* Lawsuit does not seek any damages because of "physical injury to tangible property" or any "loss of use" of tangible property.

30.     Accordingly, Underwriters do not owe any defense or indemnity obligation to the Santomassi Defendants under the "property damage" coverage of the Policies for the claims against them in the *Roman* Lawsuit.

<u>**COUNT III**</u>
<u>**No "Occurrence"**</u>

31.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Subject to all of their terms, the Policies only provide coverage for claims for damages caused by "bodily injury" or "property damage" if the "bodily injury" or "property damage" is caused by an "occurrence."

33.     The Policies define "occurrence" in part as an "accident."

34.     To the extent the claims in the *Roman* Lawsuit concerned any "bodily injury" or "property damage," it was not caused by an "occurrence", *i.e.,* an accident. The *Roman* Lawsuit concerns the alleged conversion of business funds for the Santomassi Defendants' personal use and benefit, fraud, and breach of contract.

35.     Consequently, Underwriters do not owe any defense or indemnity obligation to the Santomassi Defendants under the "bodily injury" and "property damage" coverage in the Policies for the claims against Defendants in the *Roman* Lawsuit.

## COUNT IV
## No "Personal and Advertising Injury"

36.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     Subject to all of its terms, the Policies provide coverage for "damages" because of "personal and advertising injury" as those terms are defined and used in the Policy.

38.     The claims against Defendants in the *Roman* Lawsuit do not concern claims for "damages" because of "personal and advertising injury."

39.     Therefore, Underwriters do not owe any defense or indemnity obligations to Defendants under the "personal and advertising injury" coverage of the Policies for the claims against them in the *Roman* Lawsuit.

## COUNT V
## Expected or Intended Injury Exclusion Precludes Coverage

40.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.     The Expected or Intended Injury Exclusion in the Policies precludes coverage for "bodily injury" and "property damage" expected or intended from the standpoint of the insured.

42.     The *Roman* Lawsuit alleges an intentional conversion of business funds for the Santomassi Defendants' personal use and benefit, fraud, and breach of contract.

43.     To the extent that any "bodily injury" or "property damage" is alleged, the claims in the *Roman* Lawsuit fall within the Expected or Intended Injury Exclusion in the Policies.

44.     Therefore, Underwriters have no duty to defend or indemnify the Santomassi Defendants under the Policies for the claims in the *Roman* Lawsuit.

## COUNT VI
## Illegal or Fraudulent Acts Exclusion Precludes Coverage

45.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46.     The Illegal or Fraudulent Acts Exclusion in the Policies precludes coverage for claims "arising out of, based upon, or attributable to the actual or alleged illegal, fraudulent, dishonest, criminal or malicious acts."

47.     The claims in the *Roman* Lawsuit arise out of an intentional conversion of business funds for the Santomassi Defendants' personal use and benefit, fraud, and breach of contract, *i.e.,* fraudulent and dishonest acts.

48.     Therefore, to the extent that any "bodily injury," "property damage" or "personal and advertising injury" is alleged, the claims fall within the Illegal or Fraudulent Acts Exclusion of the Policies.

49.     Consequently, Underwriters have no duty to defend or indemnify the Santomassi Defendants under the Policies for the claims in the *Roman* Lawsuit.

## COUNT VII
## Knowing Violation of Rights of Another Exclusion Precludes Coverage

50.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     The Knowing Violation of Rights of Another Exclusion bars coverage for "personal and advertising injury" caused by or at the direction of the insured if when the insured acts with knowledge that the relevant act would violate another's rights and inflict "personal and advertising injury."

52. The *Roman* Lawsuit alleges that there were a number of knowing violations of rights of another, *i.e.,* intentional conversion of business funds for the Santomassi Defendants' personal use and benefit, fraud, and breach of contract.

53. Therefore, to the extent that any "personal and advertising injury" is alleged, the Knowing Violation of Rights of Another Exclusions preclude coverage.

54. Accordingly, Underwriters have no duty to defend or indemnify the Santomassi Defendants under the Policies for the claims in the *Roman* Lawsuit.

<u>**COUNT VIII**</u>
<u>**Material Published with Knowledge of Falsity Exclusion Precludes Coverage**</u>

55. Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. The Material Published With Knowledge of Falsity Exclusion precludes coverage for "personal and advertising injury" arising out of publication of material if done by or at the direction of the insured with knowledge that said material is false.

57. The *Roman* Lawsuit alleges Mr. Santomassi made false misrepresentations concerning the use of the business funds "to hide the true destination of [Roman's] money" for the Santomassi Defendants' own benefit. (See, Exhibit A, ¶92, 110).

58. To the extent that any "personal and advertising injury" is alleged, the claims fall within the Material Published With Knowledge of Falsity Exclusion.

59. Therefore, Underwriters have no duty to defend or indemnify the Santomassi Defendants under the Policies for the claims in the *Roman* Lawsuit.

## COUNT IX
## Cross Suit Exclusion Precludes Coverage

60.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61.     The Policies preclude coverage "bodily injury," "property damage," "personal and advertising injury," or any injury, loss or damage arising out of any claim, "suit", action or other proceeding or any allegation or expense initiated or caused to be brought about by one insured against another insured.

62.     The *Roman* Lawsuit involves a business dispute between two alleged business partners.

63.     Therefore, to the extent any "bodily injury," "property damage," "personal and advertising injury" is alleged, the Cross Suit Exclusion precludes coverage.

64.     Therefore, Underwriters have no duty to defend or indemnify the Santomassi Defendants under the Policies for the claims in the *Roman* Lawsuit.

## COUNT X
## Contractual Liability/Breach of Contract Exclusions Preclude Coverage

65.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 64 above as if fully set forth herein.

66.     The Policies preclude coverage for "bodily injury," "property damage," and "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement and for "personal and advertising injury" arising out of a breach of contract.

67.     The *Roman* Lawsuit alleges that Mrs. Santomassi breached the contract and that there were certain verbal agreements between Mr. Santomassi and Roman. (See, Exhibit A, ¶¶64-68, 82, 112-118).

68.     There is no coverage for breach of contract claims and to the extent the claims in the *Roman* Lawsuit arise out of the breach of contract, the Contractual Liability and/or Breach of Contract Exclusions preclude coverage for such claims.

69.     Therefore, Underwriters have no duty to defend or indemnify the Santomassi Defendants for these claims against them in the *Roman* Lawsuit.

## COUNT XI
### Damage to Property - Care, Custody, or Control Exclusion Precludes Coverage

70.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 69 above as if fully set forth herein.

71.     The Policies preclude coverage for "property damage" to personal property in the care, custody, or control of the insured.

72.     The *Roman* Lawsuit alleges Defendants converted and used business funds, including Roman's investment funds, for their own personal use and benefit.  (Ex. A ¶50-53).

73.     To the extent any "property damage" is alleged, the claims in the *Roman* Lawsuit fall within the Damage to Property - Care, Custody, or Control Exclusion in the Policies.

74.     Accordingly, Underwriters have no duty to defend or indemnify the Santomassi Defendants under the Policies for the claims in the *Roman* Lawsuit.

## COUNT XII
### Damage to Property - Loaned Property Exclusion Precludes Coverage

75.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. The Damage to Property - Loaned Property Exclusion (Exclusion j.(3)) precludes coverage for "property damage" to property loaned to the Named Insured.

77. The *Roman* Lawsuit alleges Defendants converted and used business funds, including Roman's $50,000 loan to Mr. Bagel Meister LLC, for their own personal use and benefit.

78. To the extent any "property damage" is alleged, the Damage to Property – Loan Property Exclusion bar coverage for those claims.

79. Accordingly, Underwriters have no duty to defend or indemnify the Santomassi Defendants for these claims against them in the *Roman* Lawsuit.

## <u>COUNT XIII</u>
### <u>The Santomassi Defendants Are Not Insureds under the Policies For Their Individual Liability or For the Conduct of Non-Insureds</u>

80. Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. Under the Policies, members of the Named Insured are insureds, but only with respect to the conduct of the Named Insured's business. In addition, managers of Named Insured are insureds, but only with respect to their duties as Named Insured's managers. Similarly, "employees" (other than the managers) are also generally insureds but only for acts in the scope of their employment or while performing duties relating to the Named Insured's business subject to further limitations, including that they are not insured for "bodily injury" to the Named Insured or its members.

82. The *Roman* Lawsuit brings claims against the Santomassi Defendants individually and that certain investment funds was paid to "Donut Inn, LLC," another entity controlled and owned by the Santomassi Defendants. (See, Exhibit A ¶26)

83. "Donut Inn, LLC" is not a named insured and does not otherwise qualify as an insured under the Policies.

84.     To the extent the Santomassi Defendants are individually liable in the *Roman* Lawsuit or for the conduct of non-insureds including Donut Inn LLC, they are not insureds and there is no coverage under the Policies for such liability.

## COUNT XIV
## No Coverage Outside Policy Periods

85.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.     Subject to all of their terms, the Policies only provide coverage if the "bodily injury" and "property damage" occur during the policy period or if the "personal and advertising injury" is caused by an offense committed during the policy period.

87.     The 2018 Policy was effective March 7, 2018 to August 22, 2018 and the 2019 Policy was effective February 29, 2019 to June 1, 2019.

88.     To the extent that any injury, damage or offense took place before or after the policy period, there is no coverage for such injury, damage or offense.

89.     Therefore, there is no duty to defend or indemnify the Santomassi Defendants for these claims in the *Roman* Lawsuit.

## COUNT XIV
## Material Published Prior to Policy Period Exclusion Limits Coverage

90.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.     The Material Published Prior to Policy Period Exclusion under Coverage B precludes coverage for "personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

92.     To the extent that there is any "personal and advertising injury," this exclusion bars coverage for any publication which took place before the policy.

93.     Therefore, there is no duty to defend or indemnify the Santomassi Defendants for such claims in the *Roman* Lawsuit.

## COUNT XV
## No Covered for Uncovered and Excluded Damages

94.     Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     Subject to all of their terms, the Policies only require that the insurer pay "damages" which the insured becomes legally obligated to pay. Moreover, subject to all of its terms, the Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement in the Policies provides that Underwriters "shall not, however, have any obligation to pay for any costs, interest or damages attributable to fines, penalties and punitive or exemplary damages" and if there is any statutory multiplier awards, Underwriters will only pay the amount before the multiplier.

96.     The *Roman* Lawsuit seeks, in part, punitive damages, injunctive relief and attorneys' fees.

97.     These claims do not seek "damages" under the Policies as that term is defined and used in the Policies and/or under applicable public policy and/or fall within the Fines, Penalties, Punitive or Exemplary Damages Exclusion Endorsement in the Policies.

WHEREFORE, Plaintiff, Certain Underwriters at Lloyd's, London, Subscribing to Certificate Nos. HLC1400408 AND HLC1400399, pray the Court as follows:

1.     That the Court enter a declaration finding that Plaintiff owe no duty to defend or indemnify the Santomassi Defendants for the claims against them in the *Roman* Lawsuit; and

2.     For all such just and equitable relief, including costs of this suit.

This the 21st day of July, 2021.

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ Kathryn A. Grace
Kathryn A. Grace (NC Bar # 52926)
David G. Williams (NC Bar #48161)
150 Fayetteville St., Suite 300
Raleigh, NC 27601
Telephone: (984) 268-2105
Fax: (984) 268-2120
kathryn.grace@wilsonelser.com
david.williams@wilsonelser.com
*Attorneys for Plaintiff*